CAMPBELL, Acting Chief Judge.
In this litigation over a construction subcontract, the general contractor and the owner, appellants, argue that the trial court erred when it denied their motion to compel arbitration of disputes between them and-the subcontractor, appellee. Appellants maintain that, contrary to the trial court’s finding, the arbitration provision was not void for lack of mutuality of either obligation or remedy. We agree and reverse.
These proceedings began in 1989 when the general contractor and the subcontractor entered into a contract to construct the heating, ventilating and air conditioning system in a large construction project. Under the subcontract, the general contractor and the subcontractor specifically agreed to arbitrate any controversy, dispute or claim arising out of the subcontract.
When disputes arose concerning the subcontract, the general contractor and the owner requested arbitration pursuant to the subcontract. The subcontractor responded that it would seek to enjoin any arbitration based on the subcontract because the subcontract was void or voidable for lack of mutuality of obligation.
The subcontractor then filed suit against the owner and the general contractor seeking damages for breach of contract and
*871 fraud and requesting foreclosure of a mechanics lien. The subcontractor subsequently amended its complaint to request cancellation or rescission of the subcontract and damages in quantum meruit. The general contractor and owner moved to abate the circuit court action and to compel arbitration. The trial court denied the motion, stating that the arbitration clause was “largely illusory” and that “a reading of the entire contract with particular emphasis upon paragraph 30, Contractors Rights and Remedies, reveals that there is a lack of mutuality of remedy and accordingly the arbitration provision is void.”
Paragraph thirty provides as follows:
30. All rights and remedies of the CONTRACTOR hereunder are cumulative and may be exercised concurrently or successively. The CONTRACTOR shall have no obligation to exercise any such right or remedy, and no such exercise or non-exercise shall confer any rights upon the SUBCONTRACTOR or any other party. At the CONTRACTOR’S option, any amount payable by the SUBCONTRACTOR to the CONTRACTOR hereunder or otherwise (or the CONTRACTOR’S reasonable estimate of any such amount not then precisely ascertainable) may be wholly or partly charged and paid by reduction of the CONTRACT PRICE and set-off against such payments, due or to become due the SUBCONTRACTOR hereunder, as the CONTRACTOR may elect. Interest shall accrue on any amounts owing the CONTRACTOR hereunder at the rate of eighteen percent (18%) per annum (or at the maximum rate permitted by law, if less.)
The general contractor and the owner argue on appeal that paragraph thirty does not render the arbitration provision illusory because it is merely an innocuous confirmation of the fact that the general contractor could waive any right or remedy it had under the contract. Paragraph thirty specifically states that the “contractor shall have no obligation to exercise any such right or remedy_” The general contractor and owner maintain that this provision merely allows the general contractor to decide not to take advantage of rights or remedies available to it under the contract. Their position is that, while the general contractor may decide to forego arbitration, if the subcontractor insists, the contractor must accede to the subcontractor’s wishes. This would appear to be the more logical interpretation of this provision. Contracts frequently contain these provisions to allow parties to waive their rights under the contract, if they so desire. A waiver of one right or remedy in one instance does not then operate as a waiver of all rights and remedies under the contract. We believe that to have been the purpose of this provision. A reading of paragraph thirty in its entirety confirms this conclusion.
Since we do not believe that paragraph thirty extinguished mutuality of remedy or obligation, we reverse the trial court’s judgment and remand with instructions to the trial court to proceed with the rescission count first. Then, if the trial court finds that the subcontract is not rescinded or if the rescission count is abandoned, the trial court should proceed to determine whether the matter should go to arbitration.
FRANK and ALTENBERND, JJ., concur.